■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK M. RACO, Appellant.— SWEENEY, J. Appeal from a judgment of conviction of the County Court, Montgomery County, entered upon a verdict after trial. The defendant Raco, one Bartone and Anthony Chirico, were jointly indicted for burglary, third degree, attempted grand larceny, first degree and conspiracy. The prosecution maintained on the trial that the trio conspired to enter the Nadler Brothers Dairy and take certain funds that were in a safe. It further maintained the dairy was later broken into with intent to commit larceny. The jury found both Bartone and defendant guilty as charged. We are concerned on this appeal only with defendant Raco's conviction. He received a sentence of 7½ to 20 years on the burglary charge and 5 to 10 years on the attempted grand larceny. The sentences were to run concurrently. On this appeal he raises several issues. He contends that because of persistent leading and suggestive questions asked of the witnesses by the District Attorney, he was deprived of a fair trial. We find no merit in this contention. There was no objection to many of the questions now complained of by the defendant. Considering the record in its entirety, we are unable to conclude that the questions were so prejudicial as to deprive defendant of a fair trial. The cases relied upon by the defendant are readily distinguishable. Neither is there any merit to defendant's contention that the charges were not proven beyond a reasonable doubt. The testimony of Chirico, who testified on behalf of the People, established the conspiracy and the necessary overt act. He testified to the meeting outside the Mohawk Lounge where the burglary of Nadler's Dairy was discussed, and he also testified that he drove Bartone and defendant to the dairy at about 12:25 A.M. on June 27, 1966. There was, also, in our opinion, sufficient direct proof to establish the breaking and entering and other necessary elements of the

charges of burglary and attempted grand larceny. An early-arriving employee testified that when he reported to the building for work shortly after 1:00 A.M., he found a door was ajar with the pane of glass broken, and reported it to the police. The policemen testified, in substance, that when they arrived a little after 1:00 A.M., they found the outer door of the safe open; that they placed the westerly alley side of the building under surveillance immediately upon arrival; and that they did not see the defendant until he appeared on the loading platform located on that side of the building. This, we believe would permit the inference that defendant had come out of the building. There was further proof that the safe contained $1,697 in cash and about $3,800 in checks. The fact that much of this testimony was circumstantial does not render the verdict defective since the facts from which the inferences were drawn were established by direct proof (*People* v. *Blake*, 5 N Y 2d 118, 119; *People v. La Beause*, 34 A D 2d 596). Consequently, we conclude on this record that there was sufficient evidence to sustain a guilty verdict on all charges. Defendant further contends that his sentence was excessive. This contention also lacks merit. He was a second offender and had a long record of encounters with the law. Under these circumstances the trial court was justified in imposing the sentence it did. We have examined the other issues raised by defendant and find no merit in them. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.